| | |
|---|---|
| **Veronica Bniwa Nikoroken**<br>5424 Frankford Estates Drive<br>Baltimore City, Maryland 21206<br><br>and<br><br>**Peter Nenubari Nikoroken**<br>5424 Frankford Estates Drive<br>Baltimore City, Maryland 21206<br><br>Plaintiffs<br><br>v.<br><br>**Bank of America, N.A.**<br>SERVE: The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>and<br><br>**Bank of America, N.A. d/b/a BAC Field Services, Corporation**<br>SERVE: The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>and<br><br>**Safeguard Properties, LLC**<br>SERVE: CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street #1600<br>Baltimore Maryland 21202<br><br>Defendants | IN THE CIRCUIRT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br><br><br>JURY TRIAL DEMANDED<br><br>Case no.: |

## COMPLAINT

Veronica Bniwa Nikoroken, and Peter Nenubari Nikoroken, Plaintiffs, by and through their attorneys, Lauren M. Geisser and Gilman & Bedigian, L.L.C., hereby sues Bank of America, N.A. (hereinafter "BANA"), Bank of America, N.A. d/b/a BAC Field Services,

Corporation (hereinafter "BAC"), and Safeguard Properties, LLC (hereinafter "Safeguard"), the Defendants, based upon the following averments of fact:

1. That the Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1962 et seq. ("FDCPA") among other causes of action.

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "...any Court of competent jurisdiction."

3. That Defendants BANA, BAC, and Safeguard, are all engaged in the business of collecting debt in the State of Maryland with several property interests in Baltimore City, Maryland.

4. That Plaintiffs' are husband and wife, are residents and homeowners in Baltimore City, Maryland, and have been residents of Baltimore City at all times relevant to the facts alleged in this Complaint.

5. The Plaintiffs are allegedly obligated to pay a debt, and are "consumers" as defined by 15 U.S.C. §1692(a).

6. Pursuant to the definitions outlined in 15 U.S.C. §1692a(1-6), Defendants are debt collectors seeking to collect a consumer debt from Plaintiffs which was allegedly due and owing from them. Plaintiffs are consumer debtors.

7. Defendants use instrumentalities of interstate commerce and/or the United States Mail in business, the principal purpose of which is the collection of debts.

8. Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

9. Defendants are a "debt collector" as defined by 15 U.S.C. §1692a(6).

10.     Defendants are collection agencies that in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection.

## FACTUAL ALLEGATIONS

11.     Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

12.     On or about February 18, 2013, the Defendants, and/or its authorized agents, placed a "Vacancy Posting Notice" on the Plaintiffs' property located at 5424 Frankford Estates Drive, Baltimore, Maryland 21206 (hereinafter "Property"). Exhibit A.

13.     BANA, BAC, and Safeguard directed and caused said "Vacancy Posting Notice" to be placed on the Plaintiffs' Property because it believed: that BANA had a mortgage on the Plaintiffs' Property; that the Plaintiffs' had defaulted on said alleged mortgage; that the Plaintiffs' had vacated their Property; and that BANA, BAC, and Safeguard had authority to enter the Property to replace the locks, winterize the Property and/or protect their asset.

14.     At all times relevant herein, BANA did not have a mortgage on Plaintiffs' Property or with the Plaintiffs, and therefore, the Plaintiffs could not have defaulted on a mortgage with BANA.

15.     On February 18, 2013, at 1:54 p.m., immediately after the Plaintiffs received the "Vacancy Posting Notice" on their Property, the Plaintiff Peter Nikoroken immediately called Defendant BAC, told the Defendant BAC that the Plaintiffs did not have a mortgage with BANA, and that the posting of the Vacancy Notice was incorrect. (hereinafter "Contact").

16.     During the Contact, a BANA and BAC representative named "Ramy" stated to Plaintiff Peter Nikoroken to disregard the Vacancy Posting Notice. He further stated that said "Vacancy Posting Notice "was a mistake".

17. As a result of Plaintiff's February 18, 2013 phone call to BANA, the Defendants knew or should have known, that: that BANA did not have a mortgage on the Plaintiffs' Property; that the Plaintiffs' had not defaulted on said alleged mortgage; that the Plaintiffs' had not vacated their Property; and that BANA, BAC, and Safeguard did not have authority to enter the Plaintiffs' Property.

18. Nonetheless, on or about March 18, 2013 at approximately 11:00 pm, Plaintiff Veronica Nikoroken was home alone, while her husband Plaintiff Peter Nikoroken was at work, when the Defendants, through an agent, broke into the Plaintiffs' Property using force.

19. When Defendant's agent broke into the Property, Plaintiff Veronica Nikoroken was at home, asleep, and was awoken by Defendant's agent making loud noises from within her home. Further, Defendant's agent was yelling "is anyone was home" from within the house.

20. Plaintiff Veronica Nikoroken went downstairs and found an unknown male standing in her living room.

21. As a result of said unknown male in her living room, Planitiff Veronica Nikoroken called the police who then arrived to the Property shortly thereafter.

22. Said unknown male identified himself as a Safeguard representative who was hired to change the locks on the Property by BANA and BAC.

23. Said unknown male had broken into the Plaintiffs' home using tools of some sort thereby causing damage to both the front and rear doors of the Plaintiffs' Property.

24. Said unknown male refused to provide identification to the Plaintiffs and police, had no identification on him, and was wearing street clothes.

25. Thereafter, the police called BANA and spoke with "Eric", an employee of "BANA" and "BAC".

26. "Eric" stated that the Plaintiffs' Property was not in their system but did validate the "Vacancy Posting Notice" as being from BANA and BAC.

27. "Eric" further stated that the unknown male, who was employed by "Safeguard" was directed by BANA and BAC to break into the Property, and change the locks.

28. "Eric" identified that BANA and BAC had made a mistake and had entered the wrong property.

## COUNT I
### (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALL DEFENDANTS)

29. Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

30. Defendants violated the FDCPA. The Defendants violations include, but are not limited to the following:

   a. Defendants violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

   b. Defendants violated 15 U.S.C. §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt;

   c. Defendants violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff;

   d. Defendants violated 15 U.S.C. §1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector; and

   e. Defendants violated 15 U.S.C. §1692e(5) by taking an action that cannot legally be taken or that is not intended to be taken.

31.   Defendants' violations of the FDCPA have caused the Plaintiffs severe high blood pressure, stomach distress, stress, anxiety, sleepless nights, loss of the enjoyment of their life, and otherwise have caused the Plaintiffs great pain and suffering.

WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request a judgment entered against Defendants, BAC, BANA, and Safeguard for the following:

1. An amount to exceed Seventy Five Thousand Dollars ($75,000.00) in actual damages for pain and suffering;

2. Statutory damages of One Thousand Dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

4. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### (VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION PRACTICE ACT AGAINST ALL DEFENDANTS)

32.   Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

33.   Defendants are debt collectors, Plaintiffs are consumers, and the debt that the Defendants is seeking to collect from the Plaintiffs is based on an alleged consumer transaction pursuant to Maryland Code Ann. Commercial Law §14-201, et seq.

34.   In Defendants attempt to collect a debt against the Plaintiffs, they have:

   a.   Communicated with the Plaintiffs with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor; and

    b.  Claim, attempt, or threaten to enforce a right with the knowledge that the right does not exist.

35. In Defendants attempt to collect a debt against the Plaintiffs, they have violated the Maryland Consumer Debt Collection Practice Act.

36. Defendant's violation of the Maryland Consumer Debt Collection Practices Act has caused the Plaintiffs severe stress, anxiety, sleepless, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering.

  WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request a judgment entered against Defendants, BAC, BANA, and Safeguard for the following:

  1. An amount to exceed Seventy Five Thousand ($75,000.00) in actual damages for pain and suffering; and

  2.  Any other relief that this Honorable Court deems appropriate.

## COUNT III
### (VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS)

37. Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

38. Plaintiffs are "consumers" pursuant to the Maryland Commercial Law Article Title §13-101, et seq. and were the recipient of "[c]onsumer credit, debts, goods, realty, and services" from the Defendants as defined under Maryland Commercial Law Article Title §13-101, et seq. The Defendant's practices relating to the above-captioned Counts of this Complaint, are generally prohibited unfair and deceptive practices in violation of §13-303 of the Maryland Consumer Protection Act.

WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request a judgment entered against Defendants, BAC, BANA, and Safeguard for the following:

1. An amount to exceed Seventy Five Thousand ($75,000.00) in actual damages for pain and suffering;

2. Costs and reasonable attorneys' fees pursuant to the Maryland Mortgage Fraud Act; and

3. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
### (ASSAULT AGAINST ALL DEFENDANTS)

39. Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

40. BAC, BANA, and Safeguard acted with the intent to do bodily harm to the Plaintiffs, and their conduct was perpetrated with actual malice as they knew, or should have known, they had no authority to enter the Plaintiffs' Property.

41. The Defendants actions caused the Plaintiffs to be put in reasonable apprehension of an imminent a battery.

42. As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, high blood pressure, medical and other related expenses.

WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request judgment be entered against Defendants, BAC, BANA, and Safeguard for the following:

1. An amount to exceed Seventy Five Thousand ($75,000.00) in actual damages for pain and suffering.

## COUNT V

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS)

43. Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

44. Defendants had knowledge that the Property was not vacant, was not a mortgaged with BANA, and nonetheless, broke into the Plaintiffs' home. This conduct was perpetrated by the agents of the Defendants.

45. Defendants' conduct was intentional reckless, and in deliberate disregard of a high degree of probability that emotional distress would result.

46. The aforesaid conduct by Defendants' agents was extreme and outrageous and beyond the bounds of decency in society.

47. As a result of the aforesaid conduct and actions the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request judgment be entered against Defendants, BAC, BANA, ad Safeguard for the following:

1. An amount to exceed Seventy Five Thousand ($75,000.00) in actual damages for pain and suffering.

### COUNT VI
### (TRESPASS AGAINST ALL DEFENDANTS)

48. Plaintiff incorporates the previous paragraphs, and all other Counts, as if fully stated herein and states further:

49. That Defendants' agent made an entry onto the Plaintiffs' Property using force.

50. That the Defendants' agent knew, or should have known that it was unlawful, and did not have permission to enter the Property.

51. That the Property was in possession of the Plaintiffs.

52. That the Plaintiffs never gave consent for the Defendants, or it's agents, to enter the Plaintiffs' Property.

53. As a result of the aforesaid conduct and actions the Plaintiffs have suffered, and will continue to suffer, physical damages to their property, along with severe and extreme emotional distress.

WHEREFORE, Plaintiffs, Peter and Veronica Nikoroken, respectfully request judgment be entered against Defendants, BAC, BANA, ad Safeguard for the following:

1. An amount to exceed Seventy Five Thousand ($75,000.00) in actual damages for pain and suffering.

GILMAN & BEDIGIAN, L.L.C.

Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
lgeisser@cgilmanlaw.com
(410) 560-4999 (o)
(410) 380-3116
*Attorney for Plaintiff*

### JURY TRIAL DEMAND

Plaintiff requests a jury on all issues herein.

Lauren M. Geisser